# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DEBORAH CHAMPLUVIER**                                                               **PLAINTIFF**

**v.**                                         **No. 2:08CV15-M-A**

**ALLEN B. COUCH, JR.**                                             **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the complaint of Deborah Champluvier against Allen B. Couch, Jr., who acted as a prosecutor during the criminal trial of Champluvier on charges of embezzlement. Using the broad rule of construction for *pro se* plaintiffs set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), the court has construed the plaintiff's allegations as claims under 42 U.S.C. § 1983. The court issued an order on April 22, 2008, directing the plaintiff to show cause why the instant case should not be dismissed as frivolous or malicious, for failure to state a claim upon which relief could be granted, or for seeking monetary relief against a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2)(b). The plaintiff submitted a brief of this issue on May 8, 2008. The matter is ripe for resolution. For the reasons set forth below, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Facts Alleged in the Complaint and Supplemented from the Decisions of the Mississippi Court of Appeals and the Mississippi Supreme Court[1]

In her complaint the plaintiff sets forth only two factual allegations against Allen B. Couch, Jr.. First, she alleges that Couch was not acting in a prosecutorial capacity during her

---

[1] The court takes judicial notice of the record of the plaintiff's state court proceedings in the circuit court, the Mississippi Court of Appeals and the Mississippi Supreme Court. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

criminal trial, and was thus a private citizen and thus not entitled to prosecutorial immunity.
Second, Champluvier alleges that defendant Couch improperly applied Mississippi's criminal embezzlement statute to her – knowing that the statute was not applicable – during Grand Jury proceedings, a criminal trial, and appeal, and thus violated Champluvier's constitutional rights.

A jury found Deborah Champluvier guilty of embezzling from the Limited Liability Company of which she was a member. The Mississippi Court of Appeals affirmed the plaintiff's conviction, but three judges dissented, reasoning that the embezzlement statute pertains only to incorporated entities (a category which does not include Limited Liability Companies) – and individuals. The gravamen of the issue discussed by the dissenting judges was that, as a matter of statute, one cannot embezzle from a Mississippi Limited Liability Company. After granting *certiorari* on this issue, the Mississippi Supreme Court agreed with the plaintiff and the dissenters – and reversed and rendered, discharging the plaintiff. Two justices of the Mississippi Supreme Court nonetheless dissented, reasoning that even if the embezzlement statute could not be applied to a member of a Limited Liability Company who takes company assets for her own use, that member has nonetheless stolen from the other members by divesting them of their personal property – their interest in the Limited Liability Company. The majority holding, the dissenters reasoned, "eviscerates the legislative intent and purpose of MISS. CODE ANN. § 97-23-19."

## Standard of Review Under 42 U.S.C. § 1983

In her brief on the issue of the propriety of her claims, the plaintiff argues that she has not presented the claims under 42 U.S.C. § 1983, but instead, directly under Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Section 1983 does not confer

additional rights upon litigants; instead, it provides a procedural vehicle for vindicating existing federal rights. *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807 (1994). Thus, the proper procedural vehicle to bring these constitutional claims before the court is under § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (1976). Thus, Champluvier must allege that the defendant, Allen B. Couch, Jr., acted under color of state law to deprive her of a right, privilege, or immunity secured by the Constitution and laws of the United States. The rights Champluvier has enumerated are due process, equal protection, and freedom from cruel and unusual punishment. For the reasons set forth below, the court finds that the plaintiff has not alleged that the defendant violated any of the plaintiff's rights under the Constitution or laws of the United States.

## The Plaintiff's Claims

The plaintiff argues that defendant Couch perpetrated a fraud by concealment of a material fact – namely, that the embezzlement statute under which the plaintiff was prosecuted, MISS. CODE ANN. § 97-23-19, did not apply to her. Further, the plaintiff argues that defendant Couch may not invoke prosecutorial immunity because he is being sued in his individual capacity. The plaintiff next argues that the actions of defendant Couch violated her right to due process under the Fifth Amendment, her right to equal protection under the Fourteenth Amendment, and her right not to be subject to cruel and unusual punishment under the Eighth Amendment. Finally, Champluvier alleges that Couch committed the state law tort of malicious

prosecution during the handling of her case.

## The Validity of the Plaintiff's Claims

The plaintiff has requested to proceed *in forma pauperis* in this case under 28 U.S.C. § 1915. Section 1915(e)(2)(B), however, states, in pertinent part, that the court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." This provision applies to all litigants proceeding *in forma pauperis*, incarcerated or no. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). The plaintiff's claims suffer from each of these defects.

## Due Process

The Fourteenth Amendment prohibits the government from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. This guarantee affords procedural protections. *Daniels v. Williams,* 474 U.S. 327, 331-32, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The government must give reasonable notice to an individual of its intention to deprive her of life, liberty, or property. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313-15, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The government must also provide her with a meaningful opportunity to be heard. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Mullane,* 339 U.S. at 313-14. In short, the Due Process Clause guarantees fundamental fairness in the procedures used during a criminal trial. *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648 (1967).

The plaintiff in the present case has argued that, although the defendant Allen B. Couch, Jr. afforded her an opportunity to be heard, that opportunity was not meaningful because he

misrepresented Mississippi's law regarding embezzlement to the Grand Jury, the trial court, the Mississippi Court of Appeals, and the Mississippi Supreme Court. Complaint, ¶¶ 6, 7, 8. She thus argues that Couch's use of a statute later found by the Mississippi Supreme Court not to apply to the facts of her case rendered her prosecution fundamentally unfair. This argument is without substantive merit.

Deborah Champluvier enjoyed full due process protection during the criminal proceedings the state prosecuted against her. She had notice of the charges against her (the indictment). She had counsel to represent her, although she decided to represent herself, even after being cautioned by the trial judge of the perils of self-representation. The trial court ensured that appointed counsel attended trial as standby counsel in case the plaintiff decided she needed assistance. The plaintiff presented her arguments to the court and jury. The trial court rejected the plaintiff's argument that she could not have embezzled from a Limited Liability Company under Mississippi's statutory definition of embezzlement. The jury rejected the plaintiff's arguments and returned a verdict of guilty, finding that the state had proven each element of its case beyond reasonable doubt. Champluvier then presented her claims to the Mississippi Court of Appeals, which affirmed her conviction, thus rejecting this argument (and the other thirteen errors Champluvier raised on appeal). Three judges on the Court of Appeals dissented, however. In reversing the Mississippi Court of Appeals, the Mississippi Supreme Court accepted Champluvier's argument. This time two justices dissented. In the end Champluvier prevailed and was released.

The very due process protections the plaintiff now claims she did not receive enabled her to prosecute an appeal of her conviction – and ultimately win her release. The rules and

procedures used during Deborah Champluvier's trial were fair. The interpretation by defendant prosecutor Couch under Mississippi's embezzlement statute, MISS. CODE ANN. § 97-23-19, during the state's prosecution of the plaintiff was rational. The statute in question was amended in 2007, but at the time it read:

> If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, with a value of Five Hundred Dollars ($500.00) or more, he shall be guilty of felony embezzlement, and, upon conviction thereof, shall be imprisoned in the Penitentiary not more than ten (10) years, or fined not more than Ten Thousand Dollars ($10,000.00), or both. If the value of such goods, rights in action, money or other valuable security, effects, or property of any kind is less than Five Hundred Dollars ($500.00), he shall be guilty of misdemeanor embezzlement, and, upon conviction thereof, shall be imprisoned in the county jail not more than six (6) months, or fined not more than One Thousand Dollars ($1,000.00), or both.

MISS. CODE ANN. § 97-23-19 (2003).

It is undisputed that Deborah Champluvier took assets from the Limited Liability Company of which she was a member and converted them to her own use – even after repeated orders issued by a chancellor not to do so. Indeed, one of her arguments at trial and on appeal was that the funds were hers to begin with and, thus, she could not convert them. The pivotal issue in the case was whether, under MISS. CODE ANN. § 97-23-19 (2003), a Limited Liability Company was an incorporated entity from which one could embezzle. The trial court and a majority of the Mississippi Court of Appeals ruled that a Limited Liability Company and a corporation were similar enough in their function to permit a conviction for such a taking. In its

opinion, the Mississippi Court of Appeals noted that Champluvier's interpretation would leave such a taking without penalty under Mississippi criminal law.

Reasonable minds could differ regarding application of this statute to a taking from a Limited Liability Company. Indeed, reasonable minds *did* differ over this issue at every stage of litigation: at trial (Champluvier and Couch), in the Mississippi Court of Appeals (majority opinion and three dissenters), and in the Mississippi Supreme Court (majority opinion and two dissenters). The issue is a close one, and defendant Couch's interpretation and application of the law were well within the bounds of reason. Champluvier has not pointed to a single part of the proceedings that could be construed as fundamentally unfair. As such, this issue is without merit and must be dismissed.

**Equal Protection**

Put simply, the equal protection clause directs states to treat all similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). A state government can violate the Equal Protection Clause only by intentional discrimination. *Lavernia v. Lynaugh,* 845 F.2d 493, 496 (5th Cir.1988). "Discriminatory purpose . . . implies more than intent as violation or as awareness of consequences[.] . . . It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group[.]" *Id.* (internal quotations, citations, and footnote omitted) (emphasis in opinion). A violation of the equal protection clause can occur only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir.1988). The plaintiff's equal

protection claim in this case must therefore fail, as the plaintiff has failed to identify "two or more relevant persons or groups" which the government has classified and treated differently – and to the plaintiff's detriment. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). For this reason, the plaintiff's equal protection claim shall be dismissed for failure to state a claim upon which relief could be granted.

**Whether Defendant Couch Acted as Prosecutor or a Private Citizen**

Deborah Champluvier alleges in her complaint that defendant Couch cannot enjoy prosecutorial immunity because he acted in his individual capacity, rather than his official capacity as prosecutor. All of Couch's actions of which the plaintiff complains, however, were taken within the course and scope of his duties as a prosecutor. Indeed, the plaintiff's sole allegation regarding Couch is that he improperly interpreted Mississippi's embezzlement statute and used that improper interpretation to prosecute Champluvier for the State of Mississippi. In support of her contention that Couch acted as an individual (rather than as a representative of the state) during the her criminal case, Champluvier attached to her complaint as Exhibit 2 a letter from the Consumer Protection Division of the Mississippi State Attorney General's Office. The letter was sent to her in response to a notice[2] that Champluvier mailed to Couch regarding her allegations against him). In the November 2, 2007, letter, the investigator for the Consumer

---

[2] The full name of Champluvier's notice, which is attached to the instant motion as Exhibit 1, reads:

> Notice to Allen B. Couch[,] Jr. in his individual capacity for violation of Deborah Champluvier's constitutional rights to due process and equal protection in the law and cruel and unusual punishment and Allen B. Couch[,] Jr. in his individual capacity committed fraud and malice against Deborah Champluvier which violated Deborah Champluvier's constitutional rights.

-8-

Protection Division stated that the Mississippi Attorney General "cannot arbitrate complaints between individuals." Champluvier took this to mean that Couch took his contested actions as an individual, not as a prosecutor. The letter at issue cannot, however, transform Couch's actions taken on behalf of the state into his actions as an individual. Indeed, it appears that the investigator simply took Champluvier's word from her notice that defendant Couch acted as an individual. The notice Champluvier sent to the Mississippi Attorney General's Office included the phrase "in his individual capacity" when referring to Couch some seven times, and the first numbered paragraph reads, "Whenever you see Allen B. Couch, Jr.'s name he will be Allen B. Couch in his individual capacity throughout this notice." Finally, the findings of an investigator for the Consumer Protection Division of the Mississippi Attorney General's Office are not binding on this court. As all of Couch's actions relevant to this case were taken during the course and scope of Couch's prosecution of Champluvier, the court finds that he was acting in his official capacity as a prosecutor.

## Eighth Amendment Claim

Champluvier states in her complaint that she seeks relief based in part upon Couch's violation of the Eighth Amendment prohibition against cruel and unusual punishment. She does not, however, specify any action or inaction on Couch's part that would lead to such a claim. As the plaintiff has not pled any facts supporting her allegation of cruel and unusual punishment, this allegation shall be dismissed for failure to state a claim upon which relief could be granted.

## Malicious Prosecution

Deborah Champluvier has also alleged that defendant Couch has committed the state tort of malicious prosecution. To state a claim under § 1983, a plaintiff must allege violation of a

right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). As malicious prosecution is a state law tort, it does not meet this requirement, and, as such, this state law claim shall be dismissed.

**Prosecutorial Immunity**

Finally – and most importantly for this case – state prosecutor Allen B. Couch, Jr., enjoys absolute immunity from civil damages under 42 U.S.C § 1983 because his challenged actions were performed during the course and in the scope of his duty as an advocate[3]. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997); *Spivey v. Robertson*, 197 F.3d 722, 726 (5th Cir. 2000). Traditional functions of an advocate are those functions which are intimately associated with the judicial phase of the criminal process, including, but not limited to whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against a particular defendant, which witnesses to call, and what other evidence to present. *Imbler*, 42 U.S. at 430-431, n. 33. A prosecutor is absolutely immune from any suit arising out of his duties as an advocate, regardless of the egregious nature of the allegations. *Imbler v. Pachtman*, 424 U.S. 409 (1976)(prosecutor absolutely immune from liability where he knowingly used perjured testimony, deliberately withheld exculpatory evidence, and failed to disclose all facts casting doubt upon state's testimony); *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997)(prosecutor absolutely immune from claims of using peremptory challenges in racially discriminatory manner); *Brandley v. Keeshan*, 64 F.3d 196 (5th Cir. 1995)(prosecutory absolutely immune from

---

[3]Although prosecutors enjoy only qualified immunity when they function as investigators or administrators, *Imbler*, 424 U.S. at 430, the plaintiff has not alleged that Couch participated in the investigation.

claim of witness intimidation and suppression of evidence, even if prosecutor knew of and directed witness intimidation and suppression of evidence); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)(prosecutor immune from suit alleging knowing use of perjured testimony, malicious prosecution, and conspiring with the judge to predetermine the outcome of a judicial proceeding). Such immunity is necessary; otherwise

> [t]he public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

*Imbler*, 424 U.S. at 425 (citations omitted).

As it is clear the prosecutor Allen B. Couch, Jr. is immune from suit, all of Champluvier's claims against him shall be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of May, 2008.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**